UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER LEE SMITH,

       Plaintiff,

v.                                Case No. 3:24-cv-898-TJC-MCR

SCOTTY RHODEN, et al.,

       Defendants.

_____

## ORDER OF DISMISSAL AS MOOT

Plaintiff, Christopher Lee Smith, initiated this case while housed at the Baker County Detention Center. He is proceeding on an Amended Complaint, in which he indicates that he is a "convicted, not yet sentenced," prisoner. Doc. 6 at 5. He names various individuals at the Baker County Detention Center as Defendants, id. at 2-4, and he seeks "access to books so that [he] can read on [his] schedule, at [his] leisure, books of [his] choice"; additional access to tablets; and the Sunday newspaper. Doc. 6 at 6.

In screening the Amended Complaint, the Court reviewed Plaintiff's criminal docket and observed that he was sentenced to a term of imprisonment in the Federal Bureau of Prisons (BOP) on April 14, 2025. See Docs. 99, 100,

Case No. 3:21-cr-96-MMH-SJH (M.D. Fla.).[1] The BOP's website reflects that Plaintiff has been moved into BOP custody.[2]

"The general rule in [the Eleventh C]ircuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief." Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007), overruled on other grounds by Hoever v. Marks, 993 F.3d 1353 (11th Cir. 2021) (citations omitted); Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) (finding moot a prisoner's requests for injunctive and declaratory relief relating to his conditions of confinement because the prisoner was transferred to a different facility). Thus, because Plaintiff only seeks injunctive relief relating to his conditions of confinement at the Baker County Detention Center where he is no longer housed (and any chance of being returned there is entirely speculative), this case is now moot.[3]

---

[1] See Paez v. Sec'y, Fla. Dep't of Corr., 947 F.3d 649, 651 (11th Cir. 2020) (per curiam) (finding the district court properly took judicial notice of the petitioner's state court dockets); McDowell Bey v. Vega, 588 F. App'x 923, 927 (11th Cir. 2014) (holding that the district court did not err in taking judicial notice of the plaintiff's state court docket when dismissing a § 1983 action); see also Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) ("[D]ocket sheets are public records of which the court could take judicial notice.").

[2] See Federal Bureau of Prisons, Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited May 8, 2025).

[3] The Court also could dismiss this case for Plaintiff's failure to keep his address updated. The Court previously advised Plaintiff that he must keep his address updated and that failure to do so could result in dismissal of the case. See Doc. 3 at 4; see also Doc. 6 at 18 (Plaintiff acknowledging that he agreed to keep his address updated and that his failure to do so may result in dismissal of this case).

Accordingly, it is

**ORDERED**:

1.    This case is **DISMISSED as moot**.

2.    The **Clerk** shall enter judgment dismissing this case as moot, terminate any pending motions, and close the file.

3.    The **Clerk** shall send Plaintiff a copy of this Order to the address provided below.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of May, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

JAX-3 5/8
c:
Christopher Lee Smith, #63061-509
FCI Tallahassee
Federal Correctional Institution
P.O. Box 5000
Tallahassee, FL 32314